Thank you, Your Honor. May it please the Court, my name is Quentin Rhoades. I'm appearing in 05-35-381 on my own behalf. In this particular case, Your Honor, the trial court sanctioned me for failing to provide adequate expert witness reports under Rule 26a-2b. Now, just so we can frame the issue, are you disputing the sanction or against whom the sanction has been imposed? Your Honor, we're disputing the sanction. It's our view that if our client has to either whether the sanction is imposed against me personally or against our client, we're responsible for that. We don't dispute that. What we do dispute is whether the expert reports that we provided were adequate under the rules. And furthermore, whether Rule 37c-1 of the Federal Rules of Civil Procedure allow for such a sanction, that is a monetary sanction. Now, what I want to focus on chiefly is the expert reports themselves. There were four expert reports. What's our standard of review on a discovery sanction like that? Your Honor, the standard of review with respect to whether the law was applied correctly is de novo. If the law was applied and interpreted correctly, then the level and extent of the sanction is abuse of discretion. Your Honor, we don't contend with that. What's the standard of review to determine whether or not your disclosures were adequate? You're saying that's de novo? Your Honor, what we're saying is that the adequacy of the disclosures we acknowledge is subject to an abuse of discretion review. That is the factual finding that the court made with respect to what was included in the disclosures. Now, we want to focus on those disclosures themselves. They begin at page ER-4 of the record, and there's about 150 pages of disclosures. There's four reports, and those reports include specific representations that they've been – they are reports. They're called reports by the authors. They're written entirely by the authors. They're signed by the authors, that is, these experts, and they state specifically, for example, on page ER-7, they state specifically that they're prepared for litigation. Mr. Quinton, did you raise these issues with the district court? I'm not talking about the issue about Rule 26. I'm talking about the issue of the sanctions. Didn't you just accept them basically? Well, Judge, what the court imposed upon me was a choice, and it's argued that the choice was not legitimate because the disclosures were adequate. But what the judge said is I will either – I'll do one of two things, Counsel. I'll exclude these as inadequate under Rule 37C1. Any information that's not provided in the expert report can't go into trial. Well, these expert reports have lots and lots and lots of information, and they disclose all of the direct examination that we were going to present. It wasn't the case, Judge Smith, that we had gone to trial and presented some kind of new evidence and said, well, look, it's in the report, and you look at the report, and it's not there. That's not the case. I understand, Mr. Quinton, but what I'm concerned about is this. As you know, for you to raise issues for the first time on appeal, there's a real issue here. I want you to tell me where in the record it shows that you raised these points with the district court, claiming it was unlawful for the court to do what it did under the rule. Where in the record does that show? Well, Your Honor, the way this came up, there was a motion for Rule 37C1 to – there was a motion invoking Rule 37C1. It didn't mention monetary damages. And furthermore, Judge, in the Rule 16 scheduling order on page 2, which is in tab 2 of the supplement of the excerpt of the record, it says, quote, an inadequate report or disclosure may result in exclusion of the expert's opinions at trial, even if the expert has been deposed. And the Rule 37 motion, which Seiple filed, sought to exclude the testimony. And consequently, I had no idea that there was going to be the possibility of monetary sanctions. The scheduling order didn't warn that there could be monetary sanctions. Rule 37C1, by its express language, doesn't warn that you could be monetarily sanctioned, and I had no idea when I went into that hearing that that was one of the possibilities that the court was considering or even had authority to consider. Let's assume for a moment that that's correct, just for purposes of our discussion. There is a stipulation, a written document, stipulation regarding award of attorney fees that purports to have been stipulated and signed on January 12, 2005, and it was apparently signed by yourself and, I gather, Mr. Fiske, in which you stipulated that $7,123 of reasonable attorney fees and expenses incurred in preparing the motion to exclude expert witnesses. It refers to the hearing. It says that you had a little bit of time to pay that. You bear your own cost. Is this not, in fact, a document in which you basically agreed in writing to pay these fees? You, in effect, waived this issue? Your Honor, after the imposition of sanctions, the court allowed a certain amount of time for Mr. Seiple to submit an affidavit stating the amount of his fees, and there was something like $11,000 or $14,000, whatever the amount was. We contested the reasonableness of the amount, and that stipulation was an accommodation or accord between the parties as to a $7,000 amount being appropriate if the sanctions were allowed under the- It doesn't say anything about that contingency that you're mentioning now in this document, does it? No, sir, but that document was designed to resolve a contest over the amount of the fees, and that's what that document did. It didn't resolve any issue with respect to whether they ought to be awarded under the rule. In the circumstances, it was just there was a dispute about how much was reasonable. We agreed that when they proposed $7,000 would be reasonable, that we agreed to that amount, but we reserved in there that it wouldn't be-the stipulation that it wouldn't be due until final judgment. Right, I understand that, but again, we've talked before about the fact you didn't raise the issue with the judge. You didn't raise it in the written document. Now you're raising it for the first time on appeal, apparently. I'm trying to understand how you have not waived this issue. Your Honor, as I understand waivers, it's the voluntary relinquishment of a known right, and when we went into the hearing, we didn't know that we were going to be sanctioned monetarily. Now, once- Just a minute. You keep saying you didn't know you might be sanctioned monetarily. Did you ever read Rule 37 before you filed this appeal? Yes, sir. Rule 37C1 is the rule that was invoked by Mr. Seiple in his motion, and Judge Goodwin, Rule 37C1 is what the court relied on, we believe, below, and Rule 37C1 doesn't provide for monetary sanctions. Did you ever-I don't know, maybe I've got a different copy of C1 than you have, but this says the court may impose other appropriate sanctions in addition to requiring payment of reasonable expenses, including attorney's fees. Your Honor, the other- You didn't see that or didn't know about that? Your Honor, the other subsections of Rule 37 provide for sanctions against counsel, specifically. Counsel, you're bobbing and weaving here. I asked you at the get-go if the issue in this case was sanctions or against whom they had been imposed, and you said no. The issue is disclosure and whether any monetary sanctions are imposed. Now you're reverting to an argument that I thought you were making but didn't say at the beginning you weren't, is whether Rule 37 allows it to be imposed against an attorney. Now, what is your argument? Your Honor, we- I'm trying to understand why the judge was having a little trouble in this case. Your Honor, our argument is simply that with respect to the sanctions against counsel, we provided expert witness reports that were totally adequate. That's a different issue. The question is you say under 37C there is no authority to impose monetary sanctions. There is. There's-by its plain language says it is. When Judge Goodwin tells you that, you say, well, it doesn't provide for attorneys. That's true. Other rules, provisions of the rules, specifically call out the provision of sanctioning attorneys. That may be an issue, but that's not what you told us at the outset of your argument. Well, I'm sorry, Your Honor. I misunderstood. I'm not going to-I'm going to pay this sanction if it's against my client or if it's against me. That was my point. But as I say, with respect to the expert disclosures themselves, the court found them to be inadequate, and those disclosures include everything that we were going to submit at trial. That's all I can bring. I think we understand your argument about the adequacy of disclosure. I hope you understand that an abusive discussion review gives a lot of deference to the trial judge on scene. Yes, Your Honor. Thank you. You're almost out of time. Thank you, Judge Fischer. Thank you, Your Honor. The narrow question may or may not be involved in this case, but of whether 37C1, which does provide for sanctions, unlike many of the other rule subsections, does not explicitly call out sanctioning attorneys. Yes, Your Honor. Let me introduce myself. I'm Scott Fiske, and I represent- Yes. Yeah. I represent the defendant, Apelli- Yes. Scott Fiske, and I represent the defendant, Apelli, Mr. Joseph Seiple. And it was indeed his original motion to exclude the experts in this matter that gave rise to this appeal, ultimately. And getting right to your question, Judge Fischer, we maintain that Rule 37 provides a court the discretion under the may impose other appropriate sanctions language that the court has already discussed in discussing with Mr. Rhodes. And there's no on-point authority that's been presented by either party. We didn't find any. I don't believe appellant found any. Where a court has squarely addressed this language, which was issued in 1993 when the rule was modified. What do we make of the fact that the Rules Committee and their partners in adopting the rules has, in fact, specifically referred to sanctions against attorneys and has not done so here? Do we draw any inference from that or not? Well, once again, I would look at this, the broad language. They didn't say that this is a party-only rule as it was before. Before the revision in 1993, it was fairly clear, which is now under the subsection 2, that parties fail to disclose, parties are subject to sanction. In this case, it says other appropriate sanctions. And under this court's YETI decision, we're interpreting, I mean, this court's interpreting Rule 37c1 broadly and giving the court a lot of latitude. And in this case, in particular, the sanction of finding an attorney-only sanction was proper because the court actually gave the party, Olympic, a break. And the same sanction is followed in other district courts. Granted, they're not within the Ninth Circuit, but we've set forth really the only authority that I believe either party could find, and that's the Wilson decision from Illinois, I believe, as well as the Burton decision from Kansas, where the district court did exactly the same thing that happened here. One party moves to exclude the experts because they failed to disclose properly. It's a harsh sanction. It could lead to summary judgment, which was the case in the matter at Barr. And the court uses its discretion and says, well, I think that's maybe going too far. It really wasn't the party's fault. It was the attorney's fault for not following the rules, for not following the scheduling order. Therefore, experts are back in, which is what happened in this case. They denied our motion, our rule to exclude motion, allowed the parties to amend and modify the reports to conform with Rule 26, and in doing so said, well, someone's going to have to pay for all the trouble you caused. And that's exactly what this court did. And I'd add that there was also a scheduling order, which added additional language that Mr. Rhodes did not really mention in his brief. Unfortunately, neither did the judge. Well, actually, the court wasn't really clear on the rule or legal basis for his program, as he called it. I believe he referred to it as a program. But he did say you didn't follow Rule 26, which invokes Rule 37C1, and you didn't follow my order, which invokes Rule 16. And there is, under Rule 16F, it's clear. It can be the attorney, the party, either or. So there is that legal authority underlying that. Mr. Fiske, what sanctions could the district court impose other than monetary sanctions, if we're talking about the attorney alone? What's the range of sanctions available to the court? Well, it could even be more lenient than that. Just refer him to the bar, presumably. That's not going to achieve anything in the case. An admonishment, a reprimand. And clearly, as all of these rules provide for attorney's fees, a monetary sanction is generally the one that gets the party or the attorney's attention. The Illinois case, the Maynard v. Neugren, the 332 Fed Second 462 that was cited by Mr. Rhodes, that one is based upon rule language that has been changed substantially, and it refers only to the other party. Do you agree with that? It has really no bearing on this case? Yeah, and the Maynard decision, which is a Seventh Circuit decision, I mean, I believe our position is that it's a bit of an anomaly. They were looking at precedent, the Apex decision, which was a pre-1993 case, and they just followed it. They really didn't look at this revision within the rule. They didn't address the language. They didn't say, well, here's what the rule says, and this is why we're going to allow an attorney-only sanction. In Maynard, as well as a lot of these other decisions that are cited, Apex, I believe there's an insurance something or other case, they're all looking at the language of the rules, but they're also looking at the inherent power of the court as well. So these courts are all looking, well, what can we do here to find a legal basis to affirm the district court? And in each one of these cases, that's what they do. In Maynard, though, like I said, it's a bit of an anomaly. They really didn't address the rule itself. Thank you. Unless there's any further questions. Thank you. Okay. The case argued is submitted, and we'll move then to its companion case.
judges: Goodwin, O'scannlain, Fisher